UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

STEPHEN BURRELL
        Plaintiff,

v.                                                                   Civil Action No. 12-30078-KPN

MASSACHUSETTS DISTRICT COURT
WESTFIELD, MASSACHUSETTS,
        Defendant

REPORT AND RECOMMENDATION WITH REGARD TO
SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915
June 7, 2012

NEIMAN, M.J.

On April 18, 2012, Stephen Burrell ("Plaintiff"), a resident of Westfield, Massachusetts, filed a self-prepared civil rights complaint naming the Massachusetts District Court in Westfield, Massachusetts, as a defendant. Plaintiff complains that he was denied due process in connection with state court proceedings in which he was a defendant. Specifically, Plaintiff claims he was denied an opportunity to review evidence, that his complaint against a witness was dismissed, and that a layperson was allowed to speak and represent the opposing party over his objections. In his original complaint, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*, which the court granted on May 2, 2012, and a summons issued. Nonetheless, because Plaintiff has sought to file his complaint without the prepayment of the filing fee, the court has authority to determine if it satisfies the requirements of section 1915 of Title 28, the federal *in forma pauperis* statute. *See* 28 U.S.C. § 1915.

## DISCUSSION

I.  The Court May Screen the Complaint

Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii) and (iii). When subject matter jurisdiction is lacking, there is no arguable or rational basis in law or fact for a claim, *Mack v. Massachusetts*, 204 F. Supp. 2d 163, 166 (D. Mass. 2002), and the action may be dismissed *sua sponte* and without notice under Section 1915. *Neitzke*, 490 U.S. at 327-328 (interpreting the former § 1915 (d)); *accord Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) ("clearly baseless" actions may be dismissed).

Similarly, claims lack an arguable or rational basis in law when they are brought against a defendant who is clearly entitled to immunity, involve the infringement of a legal interest which clearly does not exist, or describe unreal scenarios. *See Neitzke*, 490 U.S. at 327-328 (interpreting the former § 1915(d)); *accord Denton*, 504 U.S. at 32 ("clearly baseless" actions may be dismissed); *see also Mack*, 204 F. Supp. 2d at 166; *Tapia-Ortiz v. Winter*, 185 F.3d. 8, 11 (2d Cir. 1999) (affirming dismissal of plaintiff's request for convening a grand jury to

investigate alleged conspiracy of twenty judges and assistant U.S. Attorney); *Street v. Fair*, 918 F.2d 269 (1st Cir. 1990) (§ 1915(d) *sua sponte* dismissals do not require notice to plaintiff with opportunity to respond if the claim is based on an "indisputably meritless legal theory" (such as where defendants are clearly immune)).

A district court may also dismiss a complaint *sua sponte,* regardless of whether or not payment of the filing fee has been received, where the allegations contained in the complaint, taken in the light most favorable to the plaintiff, are patently meritless and beyond all hope of redemption. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) (citations omitted); *cf., Bell v. Hood*, 327 U.S. 678, 682-83 (1946) (observing that dismissal for lack of subject-matter jurisdiction may result if the federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or...is wholly insubstantial and frivolous.").

Of course, Plaintiff's *pro se* pleadings must be construed generously. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto de Educacion Universal Corp. v. U.S. Dept of Education*, 209 F.3d 18, 23 (1st Cir. 2000). However, even under a generous reading, this action should be dismissed in its entirety *sua sponte* and this court will so recommend that dismissal to the district judge to whom this case will be reassigned.

II. Sovereign Immunity Bars Claims Against the Trial Courts and the Commonwealth of Massachusetts

Plaintiff asserts claims against the Westfield District Court, a part of the Massachusetts Court System. These claims are not cognizable because the

Commonwealth of Massachusetts and the Courts of the Commonwealth of Massachusetts (as instrumentalities of the State), are not subject to suit in this court, under the doctrine of sovereign immunity grounded in the Eleventh Amendment.[1] Simply put, there is no basis under the circumstances alleged here for this court to find that the Commonwealth of Massachusetts has waived its sovereign immunity. Therefore Plaintiff's claims should be dismissed *sua sponte*. *Alabama v. Pugh*, 438 U.S. 781, 781 (1978) (*per curiam*) (11th Amendment generally is recognized as a bar to suits against a State, its departments, and agencies unless the State has consented to suit); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing *Pugh*) (unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it,. . . a State cannot be sued directly in its own name regardless of the relief sought."); *cf. Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (neither state nor its officials are "persons" for purposes of §1983); *Quern v. Jordan*, 440 U.S. 332, 344 (1979) (Congress did not override state's Eleventh Amendment immunity in enacting §1983); *Brown v. Newberger*, 291 F.3d 89, 92 (1st Cir. 2002) (no unequivocal abrogation of the Commonwealth's 11th Amendment immunity).

III.  Absolute Judicial Immunity Bars Claims Against the State Judge

---

[1] The Eleventh Amendment to the United States Constitution provides that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI.

Even if this court construed Plaintiff's claims of denial of due process as actually presenting challenges to rulings by the Westfield District Court trial judge, his claims fair no better. Judges of the Westfield District Court are entitled to absolute judicial immunity, which protects them from acts performed within the scope of their jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (*per curiam*) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damage."); *Pierson v. Ray*, 386 U.S. 547, 553-554 (1967) (absolute judicial immunity protects integrity of judicial process); *Allard v. Estes*, 197 N.E. 884, 886 (1935) (stating that it is "too well settled to require discussion, that every judge, whether of a higher or lower court, is exempt from liability to an action for any judgment or decision rendered in the exercise of jurisdiction vested in him by law."). The reason for recognizing this form of immunity is that:

> [T]he nature of the adjudicative function requires a judge frequently to disappoint some of the most intense and ungovernable desires that people can have.... [T]his is the principal characteristic that adjudication has in common with legislation and with criminal prosecution, which are the two other areas in which absolute immunity has most generously been provided. If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication.

*Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 768 (3d Cir. 2000) (quoting *Forrester v. White*, 484 U.S. 219, 226-27 (1988)).

In this case, although Plaintiff may believe that the trial judge erred in making

rulings adverse to him, there is no reasonable or credible allegation, nor could there be, that the actions or inactions of the trial judge were taken outside the scope of his or her jurisdiction. Thus, even if the trial judge erred in his or her decisions, the actions or inactions would not constitute the type of extra-judicial activity exempting the trial judge from entitlement to absolute judicial immunity. Plaintiff may also believe that this court should disregard the doctrine entirely, or that his due process claims trump the absolute judicial immunity doctrine; however, such a belief would be misplaced as contrary to established law.

Accordingly, to the extent Plaintiff's claims are construed as asserting claims against the trial judge rather than the Westfield District Court itself, the claims should also be dismissed *sua sponte.*

IV. <u>Adequate State Remedy</u>

As an additional matter, Plaintiff cannot establish due process violations unless he can show that he does not have an adequate state remedy to redress his grievances. When an alleged deprivation of liberty or property is the result of the random and unauthorized conduct of a state official, and the state has provided an adequate postdeprivation remedy, there is no denial of due process. *See Hudson v. Palmer*, 468 U.S. 517, 531-37 (1984); *Parratt v. Taylor*, 451 U.S. 527, 538-44 (1981); *O'Neill v. Baker*, 210 F.3d 41, 50 (1st Cir. 2000). *See also Riordan v. Martin*, 51 F.3d 264 (1st Cir. 1995) (unpublished disposition stating that "[s]ince inadequacy of the state's remedy is a material element of the § 1983 claim, plaintiff had the

burden of setting forth supporting factual allegations, either direct or inferential, to sustain an actionable legal theory") (citing *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988)). Here, there is nothing in Plaintiff's complaint from which this court could infer that he is unable to pursue an appeal of an adverse final judgment or to seek reconsideration of adverse rulings from the state judges. Accordingly, Plaintiff's due process claims also are subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

V.  Jurisdictional Bars to Plaintiff's Claims

To the extent Plaintiff is seeking federal review of any *final* decision of a state court, this court lacks subject matter jurisdiction to conduct such review pursuant to the *Rooker-Feldman* doctrine. That doctrine is a distillation of two Supreme Court decisions, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and precludes a federal action if the relief requested in that action would effectively reverse a state court decision or void its holding or if the plaintiff's claims are "inextricably intertwined" with the state court's decision. *See Johnson v. De Grandy*, 512 U.S. 997, 1005-1006 (1994); *Exxon Mobil Corp. v. Saudi Basic Industries Corp., Inc.*, 544 U.S. 280 (2005) (doctrine applies to cases by state court losers seeking review and rejection of state court judgments rendered prior to commencement of federal suit). The *Rooker-Feldman* doctrine "is jurisdictional, and [it] . . . cannot be ignored." *Maymó-Meléndez v. Álvarez-Ramírez*, 364 F.3d 27, 33 n.7 (1st Cir. 2004) (citations

7

omitted).  Here, this court reasonably infers from Plaintiff's allegations that he is the "state-court loser" and that the state-court judgment was rendered before the district court proceedings commenced.

To the extent that Plaintiff's state litigation is still *pending*, this court should also abstain from judicial review of the pending case.  The federal courts have long recognized the "fundamental policy against federal interference with state criminal proceedings."  *Younger v. Harris*, 401 U.S. 37, 46 (1971);  *In re Justices of the Superior Court Dept. of the Massachusetts Trial Court*, 218 F.3d 11, 16 (1st Cir. 2000).  *See also Hawaii Housing Authority v. Midkiff*, 467 U.S. 229, 237-38 (1984) (federal court abstention from jurisdiction appropriate where "federal claims could have been or could be presented in ongoing state judicial proceedings that concern important state interests.").  The *Younger* abstention doctrine has been applied to other non-criminal proceedings.

A federal court must abstain from reaching the merits of a case over which it has jurisdiction so long as there is: (1) an ongoing state judicial proceeding, instituted prior to the federal proceeding (or, at least, instituted prior to any substantial progress in the federal proceeding); that (2) implicates an important state interest; and (3) provides an adequate opportunity for the plaintiff to raise the claims advanced in his federal lawsuit.  *See Brooks v. New Hampshire Supreme Court*, 80 F.3d 633 (1st Cir. 1996) *citing Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).  Here, Plaintiff's claims of due process violations

during the course of the state litigation appears to implicate all three prongs of the test, warranting *Younger* abstention in this case. Simply put, there are no circumstances alleged that would exempt Plaintiff from application of *Younger* principles. Moreover, general allegations of misconduct, without specific factual allegations in support, are insufficient to invoke one of the exceptions to the *Younger* doctrine. *See, e.g., Saunders v. Flanagan*, 62 F. Supp. 2d 629, 634 (D. Conn. 1999).

VI.. <u>The Summons is Recinded</u>

As noted above, the Clerk's Office already issued a summons to Plaintiff. Accordingly, in light of this recommendation to dismiss the action, the summons issued on May 17, 2012, is hereby rescinded. Plaintiff may not make attempts to effect service on Defendant and any service made will be considered defective. Has service been made, Defendant need not yet file any response to this action.

## CONCLUSION

For the reasons stated, the court rescinds the summons issued on May 17, 2012, and hereby recommends that the complaint be dismissed in its entirety.[2]

---

[2] Plaintiff is advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d

/s/   Kenneth P. Neiman
                                              KENNETH P. NEIMAN
                                              U.S. MAGISTRATE JUDGE
June 7, 2012

---

13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).